﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 190807-25123
DATE: June 16, 2020

ORDER

Entitlement to a total disability rating for compensation based on individual unemployability due to service-connected disabilities (TDIU) is denied.

FINDING OF FACT

The Veteran is not precluded from securing or following a substantially gainful occupation due to his service-connected disabilities.

CONCLUSION OF LAW

The criteria for entitlement to a TDIU rating have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.340, 3.341, 4.16.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from August 1982 to December 1982 and from November 1983 to December 1997. 

TDIU

A TDIU rating may be warranted when a Veteran demonstrates the inability to secure or follow a substantially gainful occupation due solely to impairment resulting from service-connected disabilities. See 38 C.F.R. § 4.16(a). Minimum disability rating percentages must be shown for the service-connected disabilities, alone or in combination, to qualify for consideration for a TDIU award under § 4.16(a). If there is only one such disability, it must be rated at 60 percent or more; if there are two or more disabilities, at least one disability must be rated at 40 percent or more, with sufficient additional disability rendering a combined rating of 70 percent or more. Id. 

The question of unemployability or the veteran's ability or inability to engage in substantial gainful activity must be examined in a practical manner. The crux of the matter rests upon whether a particular job is realistically within the capabilities, both physical and mental, of the appellant.

Marginal employment shall not be considered substantially gainful employment and generally shall be deemed to exist when a veteran's earned income does not exceed the amount established by the U.S. Department of Commerce, Bureau of the Census, as the poverty threshold for one person. Marginal employment may also be held to exist, on a facts-found basis (includes but is not limited to employment in a protected environment such as a family business or sheltered workshop), when earned annual income exceeds the poverty threshold.

The Board shall consider the nature of the employment and the reason for any termination. 38 C.F.R. § 4.16(a). The central inquiry is "whether the veteran's service-connected disabilities alone are of sufficient severity to produce unemployability." Neither nonservice-connected disabilities nor advancing age may be considered in the determination. 38 C.F.R. §§ 3.341, 4.19.

The record must reflect some factor that takes the case outside the norm with respect to a similar level of disability under the rating schedule. 38 C.F.R. §§ 4.1, 4.15. The fact that a claimant is unemployed or has difficulty obtaining employment is not enough. The question is whether the Veteran can perform the physical and mental acts required by employment, not whether he can find employment.

Entitlement to a TDIU rating.

The Veteran meets meet the minimum disability rating percentage threshold for consideration for a schedular TDIU rating. 38 C.F.R. § 4.16(a).

The Veteran is service connected for post-traumatic stress disorder (PTSD), depressive disorder, rated as 50 percent disabling from August 24, 2016 and 70 percent disabling from December 19, 2018; left knee degenerative joint disease (DJD), rated as 10 percent disabling from September 23, 2016 and 20 percent disabling from December 19, 2018; right knee torn meniscus, DJD, partial ACL tear status post arthroscopic meniscectomy and ACL debridement, rated as 10 percent disabling from September 23, 2016 and as 20 percent disabling from December 19, 2018; degenerative changes left knee per x-ray and residuals status post ACL and meniscus surgery with degenerative arthritis per x-ray, rated as 10 percent disabling from April 3, 2012 to September 23, 2016; left ear hearing loss, rated as 0 percent disabling from April 3, 2012; right knee residual scar status post right knee meniscotomy, rated as 0 percent disabling from April 3, 2012; and pseudofolliculitis barbae, rated as 0 percent from January 4, 2013. Based upon the above, the Veteran meets the rating criteria as of December 19, 2018, although the Board is mindful that the failure to meet the schedular percentage requirements prior to that time does not preclude the availability of a TDIU rating on an extraschedular basis.

The issue of TDIU was raised by the agency of original jurisdiction (AOJ) in its February 2017 rating decision. In this rating decision, the AOJ provided the Veteran with a VA Form 21-8940, “Veteran’s Application for Increased Compensation Based on Unemployability,” for the Veteran to file for TDIU because the December 2016 VA examiner suggested that PTSD may prohibit employment because his medications make him sleepy. 

The Board has carefully reviewed the evidence of record and finds that the preponderance of the evidence is against a finding that the Veteran’s service-connected PTSD or disabilities prevented him from securing and following substantially gainful employment. The reasons follow.

In determining whether the Veteran is capable of obtaining and maintaining substantially gainful employment due to his service-connected disabilities, the Board must consider the Veteran’s work history, education, and any special training. On the VA Form 21-8940, “Veteran’s Application for Increased Compensation Based on Unemployability,” received in December 2018, the Veteran documented that it was his PTSD and knees that precluded him from securing or following any substantially gainful employment. In the remarks section, he wrote that he was unable to drive trucks because of his medical conditions and the medications he must take. The medications listed were taken for sleep and PTSD symptoms with the medications for sleep being identified as the ones that kept him from being alert and ready to drive. He wrote that he left his last position with Maginot because of his disabilities, although he documented that he did not receive disability retirement benefits, and he did not expect to receive workers compensation benefits. Maginot Support Services documented that the Veteran left his position as a consultant because his contract ended. The Veteran also documented completing four years of high school, and the Veteran told VA examiners that he had completed some college. 

The has carefully reviewed the evidence of record and finds that the preponderance of the evidence is against entitlement to a TDIU rating. The reasons follow.

In a July 2019 statement, Charles Koah, LPC, wrote that the Veteran’s combined service-connected disabilities rendered him unable to sustain any substantially gainful employment, and he is therefore totally disabled. He noted VA acknowledged the Veteran has difficulty adapting to work-like settings, is unable to adapt to stressful circumstances including work, cannot establish work and social relationships, has anxiety, depression, regular panic attacks, and he is “suspicious” of others. 

This statement from Mr. Koah contradicts information given during the February 2019 VA examination, where the Veteran denied problems getting along with others at work. Occupational and social impairment was documented as impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation The Veteran also stated during the February 2019 VA examination that he could receive other jobs in the future after his last job assignment ended in February or March 2018. LPC Koah’s opinion did not address this conflicting information. Opinions that do not consider all the evidence of record lack probative value. Ultimately, the determination of whether a claimant is capable of securing and maintaining substantially gainful employment is a decision for the adjudicator.

Evidence of record shows the Veteran continued to seek work after September 2016, when he claims he became too disabled to work. For example, an October 2018 letter documents VA was in receipt of the Veteran’s application for vocational rehabilitation and employment. On the VA Form 21-8940, the Veteran wrote that he sought employment with Maginot Support Services after becoming too disabled to work. He states that he was offered a job there by a previous contact, but he did not submit an application. This is evidence that the Veteran felt he could work after September 2016, and he was in fact offered a job after this time, which is evidence against the Veteran was precluded from securing and maintaining substantially gainful employment.

The September 2016 VA examiner noted that the Veteran’s knee condition caused moderate to moderately severe impairment of standing and mild to moderate impairment of lifting. The examiner found that the knee scars had no functional impact on the Veteran’s ability to work. The December 2016 VA examiner documented the Veteran had occasional decrease in work efficiency, and he noted the Veteran was unable to work as a long distance trucker because his medicine made him sleepy. During the February 2018 VA examination, the Veteran stated he was self-employed working in lawn service and as a handyman. While self-employment is not necessarily substantially gainful employment, the Board notes the Veteran did not document this work on his VA Form 21-8940 which means he misrepresented his work history. The February 2019 VA examiner documented occasional decrease in work efficiency, and the Veteran denied problems getting along with others at work. A March 2019 VA examiner documented that the Veteran’s knee condition limited his ability to perform tasks that required prolonged standing and walking. 

The Board finds that the VA examiners’ conclusions are supported by the more probative evidence. The Veteran has completed some college, and he has worked as a site manager in Afghanistan, as a truck driver, in lawn service and as a handyman, and from home as a consultant, where he used an in-home computer. The Veteran has alleged that his medication makes me too drowsy to continue as a truck driver, but his work history and education demonstrate that the Veteran has occupational skills that he could use in a substantially gainful employment that did not require driving, such as being a consultant working from home. 

October 2016 VA treatment records document the Veteran owned a lawn service. Treatment records continue to mention him working at this business through December 2018. A December 2018 VA treatment record documents that the Veteran was keeping busy at work with hurricane clean-up using a chainsaw to perform all the cutting work because he did not trust his employees with it. However, on his December 2018 VA Form 21-8940, the Veteran did not document this position. He also checked “yes” to the question “Did you leave your last job/self-employment because of your disability?” It is unlikely the Veteran became unemployed within two days of his VA appointment when he mentioned no problems with his lawn service. 

The Veteran has misrepresented his employment history and status on multiple parts of the VA Form 21-8940. Above the signature on the VA Form 21-8940, a claimant certifies that “the statements in this application are true and complete to the best of my knowledge,” and the form also notes severe penalties may result in the event the statements provided are false or fraudulent. Making false statements while certifying the truth of such statements damages the Veteran’s overall credibility.

In an April 2019 VA treatment record, during the depression screening, the Veteran stated he found his problems very difficult for him to do his work, take care of things at home, or get along with others. However, his score of eight on the depression screening suggested mild depression only. It is unclear if the Veteran found all the tasks listed to be very difficult, but the Board finds it is unlikely the Veteran’s mild depression affects his ability to secure substantially gainful employment since he denied problems getting along with others at work during his February 2019 VA examination. 

The Board finds that the level of occupational impairment from the Veteran’s PTSD symptoms and knee conditions is contemplated by the 80 percent combined evaluation currently assigned. The preponderance of the evidence is against a finding that the Veteran is precluded from all forms of substantially gainful employment due to his service-connected PTSD and his other service-connected disabilities.

For all the reasons described above, the Board finds that the preponderance of the evidence is against a finding that the Veteran is precluded from securing and maintaining substantially gainful employment, and entitlement to a TDIU rating is denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. 

 

A. P. SIMPSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P. McDaniels, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.